**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

CLIFTON L. ALEXANDER                                                                             PLAINTIFF

v.                                   CASE NO. 5:09CV00305 BSM-JTK

MICHAEL J. ASTRUE,
Commissioner, Social Security Administration                                        DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Brian S. Miller. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Plaintiff Clifton Alexander brings this action for review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.

I. Procedural History

Plaintiff protectively filed an SSI application on October 25, 2005 (Tr. 50), alleging back disorders. (Tr. 49) The Administrative Law Judge (ALJ) held a hearing on July 19, 2007 (Tr. 967-990), and issued a written decision on August 23, 2007, denying Plaintiff disability benefits.[1] (Tr. 14-25) On August 28, 2009, the Appeals Council denied Plaintiff's request for review, making the ALJ's determination the Commissioner's final decision. (Tr. 9-11) Having exhausted his administrative remedies, Plaintiff timely requested judicial review in this Court pursuant to 42 U.S.C. § 405(g).

II. Standard of Review

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)).

III. Background

Plaintiff was 49 years old at the time of the hearing (Tr. 972-973); he has a 12th grade education and work history as a skidder driver. *Id.* Plaintiff testified that he has not worked

---

[1] Plaintiff protectively filed a prior application for SSI on October 21, 2004, (Tr. 954), which the Commissioner denied on January 25, 2005. (Tr. 940) The ALJ applied the doctrine of res judicata to that adjudicated period and concluded that Plaintiff's current period of review began on January 26, 2005, the day following the prior denial of benefits. (Tr. 17)

since suffering a work-related back injury in March of 1993 (Tr. 18, 973); he has filed several unsuccessful applications for disability benefits since that time. The Commissioner did, however, award Plaintiff a closed period of benefits from March 1, 1993, to March 12, 1997, based on a November 1995 application. (Tr. 26-36)

## IV. ALJ's Findings

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process,[2] and found that Plaintiff had severe impairments related to degenerative disc disease, status post laminectomy and spinal fusion of the lumbar spine. (Tr. 24) The ALJ found that these impairments did not meet or equal a medical listing, but that they did prevent Plaintiff from returning to past relevant work. (Tr. 24-25) After finding a residual functional capacity[3] (RFC) assessment that restricted Plaintiff to a full range of light work,[4] the ALJ concluded that Plaintiff could, based on his age, education, and past work

---

[2] "The five-part test is whether the claimant is (1) currently employed and (2) severely impaired; (3) whether the impairment [meets] or approximates a listed impairment; (4) whether the claimant can perform past relevant work; and if not, (5) whether the claimant can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that []he is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that a claimant can perform." *Steed v. Astrue*, 524 F.3d 872, 875 n.3 (8th Cir. 2008) (internal citations omitted).

[3] A claimant's residual functional capacity is what he or she can do despite his or her limitations. 20 C.F.R. §§ 404.1545, 416.945 (2008). "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Ruling 96-8p, Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 61 Fed.Reg. 34474, 34475 (1996).

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves

experience, perform unskilled jobs such as janitor and packer, for which a significant number existed both nationally and in Arkansas.[5] (Tr. 25)

## V. Analysis

Plaintiff argues that substantial evidence does not support the ALJ's step five denial because the ALJ both provided insufficient reasons for rejecting the medical opinion of treating physician Harold Chakales, M.D., and improperly assessed the progress notes of another treating physician, Christine Reyes, M.D. Plaintiff's Brief at 8. The Court will address these contentions in turn.

### A. Dr. Chakales' Opinion

Plaintiff argues that the ALJ improperly rejected Dr. Chakales' October 1998 opinion[6] that Plaintiff is disabled and unable to work in favor of the opinions provided by "one-time consultative examiners." Plaintiff's Brief at 9. The Court is not persuaded by Plaintiff's argument. Substantial record evidence supports the ALJ's reasons for discounting Dr. Chakales' opinion.

A treating source opinion is generally entitled to "substantial weight" and should

---

sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." *Tilley v. Astrue*, 580 F.3d 675, 679 n.10 (8th Cir. 2009) (quoting 20 C.F.R. § 404.1567(b)).

[5] Mack Welch, a vocational expert, testified at the hearing.

[6] Specifically, Dr. Chakales opined that Plaintiff could not "stoop, bend, lift, or squat . . . [or] sit or stand for prolonged periods of time." (Tr. 779)

control unless it is inconsistent with other credible medical evidence. *Brown v. Astrue*, 611 F.3d 941, 951 (8th Cir. 2010) (quoting *Heino v. Astrue*, 578 F.3d 873, 880 (8th Cir. 2009)). An ALJ who discounts a treating source opinion must "give good reasons for doing so." *Brown*, 611 F.3d at 951-52 (quoting *Davidson v. Astrue*, 501 F.3d 987, 990 (8th Cir. 2007)).

The ALJ noted in his written decision that Plaintiff completed a consultative neurosurgical examination with Jim. J. Moore, M.D., in September of 1998, which showed normal straight leg-raising, well-preserved motor power, adequate heel and toe stance, no evidence of muscle atrophy, atony, or fasciculation and a functional capacity assessment generally consistent with the ability to perform light work. (Tr. 775-778) The ALJ also noted that Dr. Chakales' December 1999 progress notes indicated Plaintiff was "doing well," had a "good range of motion," and would likely not have any residuals, Tr. 19, 437, and that Plaintiff chose not to seek any other treatment for his impairments from 1999 until receiving a Social Security consultative examination in 2004 from Ahmed Khan, M.D., who indicated Plaintiff was taking no pain medication, had a normal straight-leg raising test, had a normal range of motion in the spine and all extremities, and had only moderate difficulty related to walking. (Tr. 19-20, 787, 790) The ALJ also identified a May 2006 consultative examination by Atiya Waheed, M.D., which found a normal range of motion in the spine, and, aside from some numbness, normal reflexes, no muscle atrophy or weakness, and normal gait and coordination. (Tr. 20, 818-821) In sum, the record evidence cited by the ALJ supports a greater degree of functioning than that contained in Dr. Chakales' October 1998 opinion.

Furthermore, the relevant period under review is from the date of Plaintiff's last denial of disability benefits, January 26, 2005, until August 23, 2007, the date of the hearing decision—and reference to medical records before that time is, as the ALJ noted, "done solely for the purpose of placing [Plaintiff's] current medical condition into historical perspective." (Tr. 17) Dr. Chakales gave his opinion more than five years before the current period under review. While Plaintiff has a distinct lack of medical treatment history in recent years, the records that are closer to the relevant review period—such as the 2004 and 2006 examinations by Drs. Ahmed and Waheed—paint a picture of a claimant at least able to perform light work: he had normal ranges of motion in his spine and all extremities (Tr. 787, 818); he had normal gait and coordination (Tr. 819); he had no muscle atrophy or weakness (Tr. 788, 819); he had a normal straight-leg raising test (Tr. 787); he could grip normally and stand and walk without assistive devices (Tr. 788, 819); and he had no knee swelling as of 2006 (Tr. 828-829). Steve Owens, M.D., a non-examining consultant, reviewed Plaintiff's medical file in late 2004 and opined that no manipulative limitations, and only occasional postural limitations in stooping and crouching, were present. (Tr. 807) Dr. Owens further opined that Plaintiff had no limitations with pushing or pulling and was able to lift up to twenty pounds occasionally and ten pounds frequently—exertional limitations not inconsistent with light work activity. (Tr. 806) Substantial record evidence, in the Court's view, supports the ALJ's determination to discount Dr. Chakales' October 1998 opinion, as it was years removed from the period under review and was inconsistent with other, more recent evidence of record. Plaintiff's first argument is without merit.

B. Dr. Reyes' Progress Notes

Finally, Plaintiff argues that the ALJ improperly assessed the progress notes of Dr. Christine Reyes, a treating physician whom Plaintiff saw briefly between February and June of 2006. Plaintiff's Brief at 8. The ALJ noted that Plaintiff "did not complain of any back pain . . .[to] Dr. Christine Reyes[] during office visits from March 20, 2006, through June 5, 2006." (Tr. 20) Plaintiff asserts that this was an erroneous assessment because Dr. Reyes' notes in April of 2006 indicate that Plaintiff complained about residual pain resulting from back surgery. *Id.* at 9. (Tr. 826) To Plaintiff's credit, the ALJ's written decision was factually incorrect on this point; Dr. Reyes' progress notes do contain some mention of back pain (Tr. 826, 828, 829); these notes do not indicate that Plaintiff is incapable of light work, however. Plaintiff's principal complaint when first presenting to Dr. Reyes in February of 2006 was right elbow and knee pain. (Tr. 829) In her six subsequent visits with Plaintiff, Dr. Reyes never diagnosed Plaintiff with a specific back ailment and did not prescribe treatment to relieve back pain; she treated Plaintiff for hypertension, erectile dysfunction, knee and elbow soreness, and hypothyroidism. (Tr. 824-829)  Plaintiff's visits with Dr. Reyes represent the most recent medical evidence produced in the period under review. To the extent that Dr. Reyes did not see it necessary to prescribe long term pain medication, or prescribe therapy or pursue further course of action, her progress notes are inconsistent with Plaintiff's subjective complaints of disabling back pain. *See Gonzalez v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006) (finding that a claimant's lack of treatment for back pain is a relevant factor

in considering credibility). The absence of medical evidence in the period under review that would corroborate disabling pain complaints cuts against Plaintiff's credibility. The ALJ's mischaracterization of some of Dr. Reyes' notes, in this context, is therefore harmless. Plaintiff's final argument is without merit.

## VI. Conclusion

The Court has carefully reviewed the record and finds the Commissioner's decision to be supported by substantial evidence and free of significant legal error.

THEREFORE, the Court hereby AFFIRMS the Commissioner's final determination, and DISMISSES Plaintiff's complaint with prejudice.

IT IS SO ORDERED.

Dated this 17th day of November, 2010.

_____
UNITED STATES MAGISTRATE JUDGE